United States District Court
Southern District of Texas
**ENTERED**
June 11, 2018
David J. Bradley, Clerk

| | | |
|---|---|---|
| Keithan E. Jones, § | | |
|       Plaintiff, § | | |
| versus § | | Civil Action H-15-35 |
| Port Terminal Railroad Association, § | | |
|       Defendant. § | | |

| | | |
|---|---|---|
| Keithan E. Jones, § | | |
|       Plaintiff, § | | |
| versus § | | Civil Action H-15-81 |
| BNSF Railway Company, § | | |
|       Defendant. § | | |

## Opinion on Dismissal

1. *Background.*

From 1997 to 2000, Keithan E. Jones worked for the BNSF Railway Company as a switchman. In 2000, he got into an argument that prompted a union investigation. The investigation found that he had violated company rules. He was fired. In 2001, he filed a charge of racial discrimination with the Equal Employment Opportunity Commission. It dismissed the complaint; Jones did not sue.

In September of 2013, Jones applied for a job at the Port Terminal Railroad Association. In January of 2014, the Port Terminal told him that it was not going to offer him a position. On February 6, he filed two complaints of retaliation with the Commission – one against the Port Terminal and one against the BNSF Railway.

Jones's theory is that he would have gotten a job at the Port Terminal if the BNSF Railway had not given him a bad recommendation. He says that the bad recommendation was because he had filed a charge of discrimination against it.

On September 25, 2014, the Commission issued two right-to-sue letters.

2. *Port Terminal.*

In his charge, Jones says that the Port Terminal did not hire him because it was retaliating against him. In his complaint, he says that it was discriminating against him on the basis of race. Because Jones did not allege racial discrimination in his charge, he has not exhausted his administrative remedies.

Jones says that the Port Terminal decided not to hire him because the BNSF Railway told it about his previous charge. He offers nothing beyond this bare allegation. According to Jones, the hiring manager told him that he would not be offered a job because of a reference from the BNSF Railway. He does not know what, if anything, was said between the railroads. A company is free to decide whom to hire and what to do about an applicant with a negative reference.

Also, Jones's complaint does not support an inference that the railroad told the Port Terminal about the charge. He simply thinks that it must have. He knows that the BNSF Railway had his operating record on which to base its recommendation. He has not plausibly pleaded that a switchman position was available or that the Port Terminal intended to hire him. He does not say that it had interviewed him, told him that it was seriously considering him, or offered him a position.

3. *BNSF Railway.*

In his complaint, Jones makes it sound like he is suing on the basis of both his 2014 retaliation charge and his decade-old racial discrimination charge. The Commission dismissed the 2001 charge, and Jones did not sue within 90 days of its dismissal.

Jones complains of racial discrimination while he worked at the BNSF Railway and says that it was the reason he was fired. All of this happened more

than a decade before he filed this lawsuit. Even if he had filed a new charge, it would have been time-barred.[1]

Taking both complaints and charges together, Jones says that the Port Terminal was going to hire him until the BNSF Railway told its hiring manager that he had filed a charge of discrimination with the Commission twelve years earlier. The only evidence of the BNSF Railway's retaliation is that his not being hired occurred after he filed his charge more than a decade ago. Jones has not shown that the BNSF Railway so much as mentioned his previous charge of discrimination nor has he supported his claim that it still wanted to retaliate against him twelve years later.

For its part, the BNSF Railway says that it does not give recommendations. It has another company confirm that a person worked for it and when but offers no additional details. The Port Terminal and the BNSF Railway agree that the Port Terminal did not ask for and the BNSF Railway did not give it Jones's data.

Even if the BNSF Railway had told the Port Terminal that Jones had filed a charge against it, Jones invited the communication. He gave his employment history, knowing the importance of references. That he filed a charge is a public record.

4. *Conclusion.*

Jones has not exhausted his administrative remedies for his racial discrimination claims. He has not plausibly pleaded his retaliation claims. His case will be dismissed.

Keithan E. Jones will take nothing from the Port Terminal Railroad Association and the BNSF Railway Company.

Signed on June 11, 2018, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge

---

[1] *See National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101 (2002).